GUSTAV MATTERN, EXECUTOR UNDER THE LAST WILL AND
TESTAMENT OF FRANK C. BUSH, DECEASED, FOR
THE USE OF FRANK C. RATHJE,

*v.*

STATE OF ILLINOIS.

*Opinion filed April 18, 1913.*

1. INHERITANCE TAX—*when no refund will be awarded.* Claim-
ant contends that the property was appraised at $4,670.12, whereas
it should have been appraised at $1,340.24.   No appeal was taken
from the order of the county judge fixing the tax.   *Held,* that claim-
ant is not entitled to an award.

2. COURT OF CLAIMS—*not a court of review.* The Court of
Claims does not sit as a court of review, to pass upon the decisions
of other courts.

3. ORDER OF COUNTY JUDGE—*how reviewed.* The statute provides
for the manner of reviewing the order of the county judge in in-
heritance tax matters.

Adolph H. Wesemann, for Claimant.
W. H. Stead, Attorney General, for State.

The claim filed in this case is for a refund of in-
heritance tax paid under the inheritance tax law of
the State of Illinois, and is based upon the condition,
that certain property devised and bequeathed to Minna
Lischewski and Martha Prost was appraised at the
value of forty-six hundred seventy and 12-100
($4,670.12) dollars, by the appraiser appointed in said
estate by the county judge of Cook County, Illinois,
and afterwards approved by the county judge, whereas,
the claimant alleges the said appraised valuation
should have been fixed at the sum of six hundred
seventy and 12-100 ($670.12) dollars each.

The claim filed fails to show that any appeal was
taken from the order of the county judge in fixing the
tax based upon the above valuation.   It does appear,
however, in the records, that an appeal was not taken,
as provided by the inheritance tax law.   The order
of the county judge consequently stands unquestioned,

except by this application to this Court, and this Court is asked to assume the power conferred upon the county court under the statute in question, and reverse the order of the county judge. We are of the opinion, that this Court has no such jurisdiction conferred upon it, and that so far as this Court is concerned, the inheritance tax in question is a legal tax and was not erroneously paid, and continues to be a legal tax, until such time as an appeal is prosecuted according to the statute in question and the order of the county judge reversed by a court of competent jurisdiction. This Court cannot review the order of the county judge. The statute in question provides for the manner of reviewing the order of the county judge, and it is essential and necessary that any one desiring a refund of inheritance taxes claimed to have been paid erroneously, must first have the inheritance tax declared erroneous, by some court in accordance with the inheritance tax law, and inasmuch, as the claimant in this case has wholly neglected to take the steps provided by this law, we are compelled to dismiss his claim without a consideration of the merits of the same.

For the reasons above stated the claim is therefore dismissed.